IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

MICHAEL SAUNDERS,

    Plaintiff,

v.                                  Civil Action No. **3:25CV685**

DANNY JOUSEE FUNEZ, *et al.*,

    Defendants.

## MEMORANDUM OPINION

The matter is before the Court on Plaintiff's willful attempt to avoid paying his filing fee obligations for the present action. By Memorandum Order entered on March 5, 2026, the Court stated:

### A.  The Relevant Statute

The relevant portion of the Prison Litigation Reform Act requires the prison "to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915(b)(2). The Supreme Court examined this provision in *Bruce v. Samuels*, 577 U.S. 82 (2016.) In that case, Antoine Bruce was a "frequent litigant," who "had previously incurred filing-fee obligations in other cases and maintained that the monthly filing-fee payments for [the present] case would not become due until those prior obligations were satisfied." *Id.* at 87 (citation omitted). The Supreme Court rejected that argument:

> The Court of Appeals for the District of Columbia Circuit, whose decision is before us for review, rejected Bruce's argument. Bruce must make monthly filing-fee payments in this case, the court held, simultaneously with such payments in earlier commenced cases. We agree with the appeals court that [28 U.S.C.] § 1915(b)(2) calls for simultaneous, not sequential, recoupment of multiple filing fees.

*Id.* (citations omitted); *see Hughes v. Anderson*, 829 F. App'x 724–25 (7th Cir. 2020) (citation omitted) (concluding because inmate had five cases where he was granted leave to proceed *in forma pauperis*, "100% of the balance of his inmate

trust fund account exceeding $10 (20% for each case) would be deducted until his filing fees were fully paid").

### B.    Relevant Procedural History

By Memorandum Order entered on September 16, 2025, the Court conditionally docketed Plaintiff's action. At that time, the Court directed Plaintiff to affirm his intention to pay the full filing fee by signing and returning a consent to collection of fees form. The Court warned Plaintiff that a failure to comply with the above directive within thirty (30) days of the date of entry thereof would result in summary dismissal of the action.

On September 29, 2025, Plaintiff returned a signed collection to fees form. (ECF No. 10.) In that form Plaintiff stated, *inter alia*:

> I further acknowledge that I must make monthly payments towards the balance of the $350.00 filing fee. These monthly payments shall be equal to twenty percent (20%) of the preceding month's deposits to my inmate account. Accordingly, **I agree to maintain a balance of twenty percent (20%) of the previous month's income in my account for payment to the court. I recognize that if I fail to maintain such a balance my action is subject to immediate dismissal.**
>
> I hereby consent for the appropriate prison official to withdraw from my account and forward to the court a money order equal to twenty percent (20%) my preceding month's income to the United States District Court. I agree that if I am transferred prior to payment of the full fee, the balance owing will be reported to the new institution with directions to continue the withdrawal of funds until the entire fee is paid. Payment will continue, if necessary, after resolution of this action until the full filing is paid.

(*Id.* at 1 (emphasis added).)

By Memorandum Order entered on October 22, 2025, the Court granted Plaintiff leave to proceed *in forma pauperis.* (ECF No. 15, at 1.) The Court directed Plaintiff's institution to mail twenty (20%) of all of Plaintiff's deposits to the Court until the balance of the $350.00 filing fee was paid. (*Id.*) The Court also repeatedly reminded Plaintiff "that he must retain a balance of the twenty percent (20%) of his previous month's income in his prison account." (*Id.* at 2.) Since that date, the Court has not received any payments towards the filing fee.

Nevertheless, on January 8, 2026, and again on February 12, 2026, the Court received a Report of Violation of Consent Order from Plaintiff's place of incarceration. (ECF No. 18, 23.) The January Report of Violation reflected that, "Micheal Saunders has received $313.00 in his inmate account for the month of December 2025, but withdrew $279.62 for commissary, leaving less than twenty (20%) of plaintiff's preceding month's income in compliance with the Court and Consent Form." (ECF No. 18, at 1.) Similarly, the February Report of Violation also reflects that Plaintiff spent so much money on commissary in January of 2026 that there were not sufficient funds to pay towards his filing fee. (ECF No. 23, at 1.)

### C.   Directing Plaintiff to Show Cause

"When prisoners fail to make their monthly payments, they risk dismissal as a sanction." *Hodges v. Meletis*, 109 F.4th 252, 257 (4th Cir. 2024).  Given the record here, Plaintiff is DIRECTED, within twenty (20) days of the date of entry hereof, to show cause why his action should not be dismissed for failure to make his monthly payment toward the filing fee.

(ECF No. 24, at 1–3.)

On March 17, 2026, Plaintiff responded to the March 5, 2026 Memorandum Order. Plaintiff suggests that it is difficult for him to keep track of his spending, and he did not intentionally try to avoid making payments toward his filing fee.  Additionally, Plaintiff complains that he has had to pay for legal copies.  Such explanations are unpersuasive given the hundreds of dollars that have been deposited into his inmate account, the hundreds of dollars he spent on commissary purchases, and his failure to make any monthly payments towards this case. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Final Order shall issue.

Date: 7 April 2026
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge